# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| Sara Slovak, | Case No.: 2:24-cv-01381-JAD-NJK |
| Petitioner | |
| v. | **Order Dismissing Action without Prejudice and Closing Case** |
| State of Nevada, | |
| Respondent | |

Sara Slovak, who is in custody at Nevada's Florence McClure Women's Correctional Center, initiated this pro se habeas corpus action on July 26, 2024, by submitting for filing a petition for writ of habeas corpus, a request for submission of the habeas petition, a motion for appointment of counsel, and a financial certificate.[1] Slovak did not pay the filing fee, and, while she submitted a financial certificate[2] showing that she is probably able to pay the $5 filing fee, she did not submit an application to proceed in forma pauperis. Slovak's habeas petition is also not on the form required by this court for obtaining such relief.[3] Rather, her petition is on a state-court form, and it is captioned for filing in Nevada's Eighth Judicial District Court, in Clark County.[4] It may be that Slovak meant to file her petition in state court.

Regardless, Slovak's petition is being dismissed because her habeas claims are unexhausted. A federal habeas petitioner incarcerated by a state must give the state courts a fair

---

[1] ECF Nos. 1-1, 1-2, 1-3, 1-4.
[2] ECF No. 1-3.
[3] *See* Local Rule LSR 3-1.
[4] ECF No. 1-2 at 1.

opportunity to act on each of her claims before she presents them in a federal habeas petition; federal courts will not consider a petition for habeas relief until the petitioner has properly exhausted her available state remedies for all claims raised.[5]  A claim remains unexhausted until the petitioner has given the highest available state court the opportunity to consider the claim through direct appeal or state collateral-review proceedings.[6]  It is clear from Slovak's petition that she has not presented any of her claims to any Nevada appellate court and that all her claims are unexhausted in state court.[7]  Habeas Rule 4 requires a federal district court to examine a habeas petition and order a response unless it "plainly appears" that the petitioner is not entitled to relief.  Because this court cannot grant Slovak habeas corpus relief on any of her claims, I dismiss this action without prejudice.

     I direct the Clerk of the Court to send to Slovak a copy of her habeas petition and copies of the forms she would need to properly file a habeas petition in this court.  If Slovak believes that she has in fact exhausted her claims in state court, and that she is entitled to habeas corpus relief in federal court, she may attempt to initiate a new case in this court.  To do so, Slovak should submit for filing in this court a habeas petition drafted using the proper form, and either pay the $5 filing fee or apply to proceed in forma pauperis.  Slovak should *not* put the case number of this action on her documents—she will be initiating a new action.  Alternatively, if Slovak agrees that she has not exhausted her claims in state court and that a federal habeas petition would be premature, as appears from her petition, she may seek to file a habeas petition in state court.

---

[5] *See* 28 U.S.C. § 2254(b); *Boyd v. Thompson*, 147 F.3d 1124, 1128 (9th Cir. 1998).

[6] *O'Sullivan v. Boerckel*, 526 U.S. 838, 844–45 (1999); *Peterson v. Lampert*, 319 F.3d 1153, 1158 (9th Cir. 2003) (en banc).

[7] *See* ECF No. 1-2 at 2–3.

IT IS THEREFORE ORDERED that **this action is DISMISSED without prejudice**. A certificate of appealability is denied as jurists of reason would not find the dismissal of this action on these grounds to be debatable or wrong.

**The Clerk of the Court is directed to:**

- **DIRECT INFORMAL ELECTRONIC SERVICE** upon the respondents under Rule 4 of the Rules Governing Section 2254 Cases by adding Nevada Attorney General Aaron D. Ford as counsel for the respondents and sending to his office a notice of electronic filing of the petition [ECF No. 1-2] and this order;

- **SEND** Slovak: a copy of her petition [ECF No. 1-2], a copy of the Court's form Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 by a Person in State Custody (Not Sentenced to Death) Packet, and a copy of the Court's form IFP Application to Proceed in Forma Pauperis (Inmate Packet); and

- **ENTER FINAL JUDGMENT** dismissing this action and **CLOSE THIS CASE**.

_____
U.S. District Judge Jennifer A. Dorsey
August 1, 2024